**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **DELOISE MCMURRAY,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**PLATINUM HEALTH SOLUTIONS INC.**<br><br>*Defendant.* | Case No. 4:23-cv-117<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Deloise McMurray ("Plaintiff" or "Ms. McMurray") brings this Class Action Complaint and Demand for Jury Trial against Defendant Platinum Health Solutions Inc. ("Defendant" or "Platinum Health") and alleges as follows:

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal

government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     The Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Platinum Health violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent as well as calling people who had previously asked to no longer receive calls.

## PARTIES

4.     Plaintiff Deloise McMurray is an individual residing in this District.

5.     Defendant Platinum Health Solutions Inc. is a Florida corporation.

2

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over Platinum Health because the company makes telemarketing calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone calls at issue were sent into this District.

**BACKGROUND**

**A.  The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

9. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.  The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

13. The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential

3

telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

15. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

16. These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

17. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

18. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

19. The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff McMurray's telephone number, (816) XXX-4502, is a non-commercial telephone number not associated with any business.

21. Plaintiff McMurray's telephone number, (816) XXX-4502, is used for personal residential purposes.

22. Plaintiff McMurray has never been a Platinum Health customer and never consented to receive calls from Platinum Health.

23. Despite this, the Plaintiff received calls from Platinum Health on December 27, 28, 29, 30 (twice), 2022 as well as January 2 (twice), 3 and 5 (twice), 11, 12, 2023.

24. The calls were all sent from similar Caller IDs that began with (816)-310-44XX.

25. On both December 29, 2022 and January 3 and 11, 2023, the Plaintiff told Platinum Health that she did not want to be called.

26. Despite that, she received the subsequent calls.

27. The calls that that Plaintiff received all included the same scripted solicitation from the telemarketer.

28. The calls were non-personalized.

29. The caller asked the call recipient their age, if they currently had dental or vision insurance, what her income was.

30. The scripted pitch was designed to elicit information to determine if the call recipient qualifies for the service of the Defendant offering insurance services, including those of Access One, which is one of several insurance products that the Defendant sells.

31. During the January 12, 2023 call, the Plaintiff talked with the Defendant long enough to determine that it had been them making the repeated calls to her phone number on the National Do Not Call Registry.

32. The Plaintiff spoke with "Ann" who promoted Access One's insurance services further.

33. "Ann" then sent the Plaintiff documentation with the following information:

5

**Product Information**

Complete Dental & Vision

Product per Month for Individual $53.97

**Complete Dental Vision**

You are purchasing a membership with AccessOne, and have chosen to participate in the Complete Dental and Vision Program. The Dental program provides access to discounts through the DenteMax network. The Vision program also provides access through the EyeBenefits network, please go to www.completedentalvision.com for a provider lookup.

This charge will appear on your credit card or bank account statement as

For Credit Card: "HEALTH 855-707-0651".
For Bank Account: "HEALTH 855 202 8136"
Your monthly rate will be automatically drafted from the credit card or bank account that you provided to us each month unless you call us back to discontinue the service at our toll free number, which is 855-422-2007. For an individual plan, the monthly rate is $53.97, which breaks down to $30.00 for Dental, $18.97 for Vision, and $5 for health advocacy benefit. For a family plan, the monthly rate is $63.97, which breaks down to $30.00 for Dental, $24.97 for Vision, and $9 for health advocacy benefit. There is also a one-time non-refundable processing fee of $10/$25/$35. If you have any questions please call our customer service line, which again is 855-422-2007. Your effective date will be the 1st/15th of (the following month).

34. The Plaintiff was not interested, so she did not make a payment.

35. During this prior litigation, Platinum Health was identified as the company that initiated those telemarketing calls.

36. Plaintiff and other individuals who received these telemarketing calls and telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

38. Plaintiff bring this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

39. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant

6

>or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.
>
>**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

40. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the classes.

41. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

42. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43. This Class Action Complaint seeks injunctive relief and money damages.

44. The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

45. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

46. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

47. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

48. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

49. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

   a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal DNC Class;

   c. Whether Defendant's conduct constitutes a violation of the TCPA; and

   d. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

50. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff have no interests which are antagonistic to any member of the Classes.

51. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

52. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

53. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

56. Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

58. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Internal Do Not Call Registry Class)

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal l Do Not Call Class despite previously requesting that such calls stop.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

## I. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.      Such other relief as the Court deems just and proper.

## II. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 11th day of July, 2023.

*s/ Anthony I. Paronich*
Anthony I. Paronich
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com